UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| SANTANA SANCHEZ, ) | CASE NO. 4:08 CV3031 |
| ) | |
| Petitioner, ) | JUDGE SOLOMON OLIVER, JR. |
| ) | |
| v. ) | |
| ) | MEMORANDUM OF OPINION |
| ) | AND ORDER |
| UNITED STATES OF AMERICA, et al., ) | |
| ) | |
| Respondents. ) | |

On December 30, 2008, pro se petitioner Santana Sanchez filed the above-captioned petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 against respondent "United States of America, et al."[1] Mr. Sanchez, who is incarcerated at the Northeast Ohio Correctional Center, seeks an evidentiary hearing and the reversal of his conviction.

*Background*

Mr. Sanchez was indicted in the Middle District Court of Florida on June 4, 2002 and charged with Conspiracy to Possess with Intent to Distribute 5 kilograms of Cocaine in Count 1, in violation of 21 U.S.C. § 841, and Possession of 5 kilograms or more of cocaine in Count II, in violation of 21 U.S.C. § 841and the Maritime Drug Law Enforcement Act, 46 Appendix U.S.C. §

---

[1] Although petitioner indicates 'others' are included as respondents in this action, he does not name any other respondents in his petition.

1903.  <u>United States v. Feliz, et al.</u>, No. 8:02-cr-00238 (M.D. Fl. filed June 4, 2002).

On August 29, 2002, petitioner pled guilty to conspiracy and possession of cocaine while on board a vessel subject to the jurisdiction of the United States, in violation of 46 Appendix U.S.C. §§ 1903(a)(g) and (j), and 21 U.S.C. § 960(b)(1) (B)(ii). Sentencing occurred on December 13, 2002 when Mr. Sanchez was ordered to serve 135 months in prison followed by five years of supervised release.  Within two weeks thereafter, he appealed his conviction to the Eleventh Circuit Court of Appeals, which affirmed his conviction in 2004. <u>United States v. Sanchez</u>, No. 02-16908 (11th Cir. filed Dec. 24, 2002).  Petitioner later filed two Motions to Vacate his sentence pursuant to 28 U.S.C. § 2255.  Both were denied by the Middle District Court of Florida.

Mr. Sanchez's petition now raises two grounds upon which he asserts he is entitled to relief: (1) the United States government lacked extraterritorial jurisdiction under 21 U.S.C. § 960 & § 1903(g) to prosecute him in Jamaican waters, and (2) ineffective assistance of counsel in violation of Article 36 of the Vienna Convention as well as the Sixth Amendment of the Constitution.  He seeks an evidentiary hearing regarding his ineffective assistance claims.

In support of his petition, Mr. Sanchez explains he was paid by a Colombian drug dealer living in Jamaica when he conspired to distribute cocaine.  It was his intent to transport the cocaine from Colombia to Jamaica.  Contrary to the charges in the indictment, he had no "intention, paid or agreed with anyone in the United States to ship, or distributed [sic] cocaine in the United States in regard to his arrest by U.S. Cost [sic] Guard and DEA.  The United States Cost [sic] Guard prosecuted him in Jamaica [sic] water."  (Pet. at 5.)  He points out that his attorney failed to either object or raise this issue during sentencing or on direct appeal, which "so undermined the proper functioning of the adversarial process that required by a trial lawyer, and prejudice [sic] him."  (Pet.

at 6.)

*Post Conviction Relief*

The relief petitioner seeks, his freedom, and the partial grounds upon which it is sought (challenges to the constitutional validity of their conviction), is generally sought either by applying for habeas corpus or, in the case of a federal prisoner, by moving for relief under § 2255. Although Mr. Sanchez seeks to challenge the constitutionality of his incarceration under § 2241, the facts alleged clearly indicate his intention to attack his underlying sentence based on an allegedly flawed conviction. See United States v. Flores, 616 F.2d 840, 842 (5th Cir.1980) (petitioner's appropriate remedy is under § 2255 and not § 2241 where alleged errors occurred at or prior to sentencing). The law is clear, "[t]he exclusive remedy for testing the validity of a judgment and sentence, unless it is inadequate or ineffective, is that provided for in 28 U.S.C. § 2255." Johnson v. Taylor, 347 F.2d 365, 366 (10th Cir.1965). A § 2255 petition attacks the legality of detention, Barkan v. United States, 341 F.2d 95, 96 (10th Cir.), cert. denied 381 U.S. 940 (1965), and must be filed in the district that imposed the sentence. United States v. Condit, 621 F.2d 1096, 1097 (10th Cir.1980).

More specifically, § 2255 prohibits a district court from entertaining an application for a writ of habeas corpus on behalf of a prisoner who is authorized to apply for relief by motion pursuant to § 2255 "if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255 (emphasis added). The fact the petitioner may be unable to obtain § 2255 relief "does not establish that the remedy so provided is either inadequate or ineffective." Williams v. United States, 323 F.2d

672, 673 (10th Cir.1963), <u>cert</u>. <u>denied</u>, 377 U.S. 980 (1964).

The record shows Mr. Sanchez previously applied for relief by motion pursuant to § 2255, twice. The burden, therefore, is on him to now argue his §2255 remedy is inadequate or ineffective to test the legality of his detention.

Mr. Sanchez claims "Governmental actions inviolation [sic] of the Constitution and laws of the United States," entitle him to "plenary consideration of the issues presented in his §2241 Petition." (Pet. at 6.) This suggests petitioner believes any alleged violation of a prisoner's constitutional rights provides carte blanc review under §2241. There is no basis in law for this assumption. In fact, petitioner ignores the first hurdle he needs to clear for this court's subject matter jurisdiction over his request to set aside his sentence under § 2241. That is, he must first establish that his remedy under § 2255 is inadequate to test the legality of his imprisonment.

A prisoner's remedy under § 2255 is not inadequate or ineffective merely because he is time-barred or otherwise procedurally barred from seeking relief under § 2255, or because he has already filed one motion to vacate, or because the prisoner has been denied permission to file a second or successive motion to vacate. <u>United States v. Peterman</u>, 249 F.3d 458, 461 (6th Cir. 2001). Furthermore, unlike other prisoners who successfully obtained review of their viable innocence claims under § 2241 because they did not have a prior opportunity to present their claims, <u>see</u>, <u>e.g.</u>, <u>In re Davenport</u>, 147 F.3d 605, 609, 611 (7th Cir.1998), petitioner had the opportunity to raise his claim either on appeal or in his § 2255 motions to vacate. <u>Barnes v. Booker</u>, No. 03-6625, 2004 WL 2320318, at *1 (6th Cir. Sept. 21, 2004)). Based on the foregoing, Mr. Sanchez has failed to demonstrate his § 2255 remedy is inadequate or ineffective

*Conclusion*

4

Accordingly, this court finds that it lacks subject matter jurisdiction over petitioners' claims and cannot, therefore, adjudicate them on the merits. This action is dismissed pursuant to 28 U.S.C. § 2243. The court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.

/S/ SOLOMON OLIVER, JR.
UNITED STATES DISTRICT JUDGE

April 7, 2009